[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff-appellant has moved to strike the defendant's special defenses to her probate appeal. Because even if the facts alleged in the special defenses were proved, the plaintiff would still be left with a cause of action, the motion to strike is granted as to each special defense.
The plaintiff has brought this probate appeal claiming that the Waterbury Probate Court should have removed the decedent's son John Villano, Executor. Part of the reasons for appeal allege that almost 1.6 million dollars was placed in joint ownership with the deceased and the executor and that after the deceased suffered a stroke, sums of money were transferred during her lifetime by John Villano to himself, a corporation controlled by him and to members of his immediate family.
The appellee, John Villano, admitted in answer to paragraph 10 that it is the fiduciary's duty to investigate and evaluate impartially the propriety of antemortem transfers. Two special defenses were filed by the appellee. CT Page 112
In the first special defense, Villano alleges that because Palumbo had knowledge of and received gifts from the decedent's account during the decedent's lifetime, she is now estopped from asserting that the gifts were improperly made. In the second special defense, Villano alleges that Palumbo is estopped from questioning the propriety of the transfers because she did not raise the issue of propriety of the transfers before the probate court, and therefore, the probate court never considered the propriety of the transfers.
Facts which are consistent with such statements as are found in the Reasons For Appeal, but show notwithstanding that the appellant has no cause of action, must be specially alleged. Practice Book § 164; Chapman v. Norfolk Dedham Mutual FireInsurance Co. In hearing a motion to strike, the court is required to assume, for the purposes of the motion, that the factual allegations of each special defense have been proved. The issue before the court is to determine whether there would still be a viable cause of action as to each special defense the motion addresses, assuming that the plaintiff was able to prove the factual allegations of her complaint.
Since there are additional allegations in the complaint unrelated to the allegations the first special defense addressed, the court finds itself in agreement with Palumbo that the special defense fails to address the gravamen of the complaint, which alleges a conflict of interest rendering the executor incapable of performing his fiduciary duties. If Palumbo proved estoppel as to only some transfers, it would not result in no cause of action remaining, since there are other transfers set out in the complaint in the probate appeal which the special defense does not address. For that reason the motion to strike is granted as to the first special defense.
As to the second special defense, the court also agrees with the movant that Villano has not stated a proper defense of estoppel. Villano has made no claim that he relied to his detriment on any statement made by Palumbo. Additionally, in the second special defense, Villano has made no claim that Palumbo has made any statement intended to induce Villano to believe certain facts exist. ". . .[A]ny claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts CT Page 113 exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . . . It is fundamental that a person who claims an estoppel must show that he has exercised due diligence to know the truth, and that he not only did not know the true state of things but also lacked any reasonably available means of acquiring knowledge." [Citations omitted; internal quotations omitted.]Connecticut National Bank v. Voog, 223 Conn. 352, 366-78,659 A.2d 172 (1995).
Villano has alleged neither of the elements required to survive a motion to strike. Therefore, the motion to strike the second special defense is granted
FLYNN, J.